IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Lee, *et al.*,  )
 )
    Plaintiff,  )
 )
vs.  ) Civil Action No. 9-210
 )
Developers Diversified Realty Corporation, *et al.*,  )
 )
    Defendants.  )

AMBROSE, Chief District Judge

# MEMORANDUM ORDER OF COURT

On May 1, 2009, Plaintiffs, Brian Lee, Sr. and Belinda Lee, Co-Administrators of the Estate of Brian Lee, Jr., Deceased, filed a Motion to Enforce Non-Party Subpoena Directed to Allegheny County Police, Homicide Division ("Allegheny County"). (Docket No. 15). In the subpoena, Plaintiffs seek the production of the investigative materials pertaining to the shooting death of Plaintiffs' decedent on July 13, 2008. After speaking with an Assistant County Solicitor, Plaintiffs' counsel agreed to limit the documents requested by the subpoena to witness statements/notes of witness interviews and that the documents would be subject to a confidentiality agreement. (Docket No. 15, ¶8). Allegheny County, however, would not agree to produce the documents. Plaintiffs additionally agree that any confidential informant or confidential witness information should be withheld by Allegheny County. (Docket No. 15, ¶12).

In response, Allegheny County raises the governmental / executive / investigative / law enforcement privilege. "When a request for relevant documents or information is made, a claim of privilege should be interposed judiciously and not casually." *U. S. v. O'Neill*, 619 F.2d 222, 225 (3d Cir. 1980). As a threshold requirement, "to support a claim of executive privilege at least three requirements must be satisfied. The head of the agency claiming the privilege must personally review the material, there must be 'a specific designation and description of the documents'

claimed to be privileged," and there must be "precise and certain reasons for preserving" the confidentiality of the communications. Usually such claims must be raised by affidavit." *Id.* at 226, *citing*, *Smith v. Federal Trade Commission*, 403 F.Supp. 1000, 1016 (D. Del.1975); *Van Hine v. Dept. of State of the Commonwealth of Pa.*, 856 A.2d 204, 208 (Pa. Commwlth. 2004). Thus, an assertion by an attorney is not enough. *Id.; U.S. v. Reynolds,* 345 U.S. 1, 7-8 (1953); *Crawford Dominic,* 469 F.Supp. 260, 263 (D.C. Pa. 1979).

In this case, Allegheny County does not event attempt to address this threshold requirement. *See,* Docket Nos. 19-20. Without the same, I am unable to engage in the balancing test set forth in *Frankenhauser v. Rizzo,* 59 F.R.D. 339 (E.D. Pa. 1973), *overruled on other grounds*, *Startzell v. City of Philadelphia*, No. 05-5287, 2006 WL 2945226, 4 (E.D. Pa. Oct 13, 2006).[1] As a result, I will accord Allegheny County the opportunity to address this threshold requirement and more fully develop the balancing factors. In so doing, Allegheny County must comply with the requirements set forth above and must also produce the documents at issue to the Court for an *in camera* inspection. Allegheny County must do so by May 27, 2009. Plaintiffs are permitted to respond to the same by June 3, 2009. At that time, I will decide whether the

---

[1]The factors to be balanced are:

(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Frankenhauser v. Rizzo* 59 F.R.D. 339, 344 (E.D.Pa.1973).

documents should be discovered, discovered in a modified form, or wholly protected from disclosure.

                                                BY THE COURT:

                                                /s/ Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                Chief U.S. District Judge

Dated: May 15, 2009