IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Lee, *et al.*,  )
 )
    Plaintiff,  )
 )
vs.  )  Civil Action No. 9-210
 )
Developers Diversified Realty Corporation, *et al.*,  )
 )
    Defendants.  )

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

On May 1, 2009, Plaintiffs, Brian Lee, Sr. and Belinda Lee, Co-Administrators of the Estate of Brian Lee, Jr., Deceased, filed a Motion to Enforce Non-Party Subpoena Directed to Allegheny County Police, Homicide Division ("Allegheny County"). (Docket No. 15). In the subpoena, Plaintiffs seek the production of the investigative materials pertaining to the shooting death of Plaintiffs' decedent on July 13, 2008. After speaking with an Assistant County Solicitor, Plaintiffs' counsel agreed to limit the documents requested by the subpoena to witness statements/notes of witness interviews and that the documents would be subject to a confidentiality agreement. (Docket No. 15, ¶8). Allegheny County, however, would not agree to produce the documents. Plaintiffs additionally agree that any confidential informant or confidential witness information should be withheld by Allegheny County. (Docket No. 15, ¶12).

In response, Allegheny County raises the governmental / executive / investigative / law enforcement privilege. "When a request for relevant documents or information is made, a claim of privilege should be interposed judiciously and not casually." *U. S. v. O'Neill*, 619 F.2d 222, 225 (3d Cir. 1980). As a threshold requirement, "to support a claim of executive privilege at least three requirements must be satisfied. The head of the agency claiming the privilege must personally review the material, there must be 'a specific designation and description of the documents'

claimed to be privileged," and there must be "precise and certain reasons for preserving" the confidentiality of the communications. Usually such claims must be raised by affidavit." *Id.* at 226, *citing*, *Smith v. Federal Trade Commission*, 403 F.Supp. 1000, 1016 (D. Del.1975); *Van Hine v. Dept. of State of the Commonwealth of Pa.*, 856 A.2d 204, 208 (Pa. Commwlth. 2004). Thus, an assertion by an attorney is not enough. *Id.; U.S. v. Reynolds,* 345 U.S. 1, 7-8 (1953); *Crawford v. Dominic,* 469 F.Supp. 260, 263 (D.C. Pa. 1979).

In this case, Allegheny County did not provide any information or argument addressing the threshold requirement. Rather than granting the Motion to Enforce outright, I accorded Allegheny County the additional opportunity to address this threshold requirement and more fully develop the balancing factors. (Docket No. 23). In so doing, I ordered Allegheny County to comply with the requirements set forth above and to produce the documents at issue to the Court for an *in camera* inspection. *Id.* Plaintiffs responded thereto. (Docket No. 27).

There are multiple issues with Allegheny County's response. First, I note that even after being specifically told that the affidavit must come from the head of the agency claiming the privilege (Docket No. 23), the affidavit supplied by Allegheny County is not from the head of the agency claiming the privilege. To the contrary, the affidavit is from William Palmer, a lieutenant of the homicide division of the Allegheny County police, who is the officer in charge of the Brian Lee homicide case. Consequently, this alone could be fatal to Allegheny County's claim of executive privilege. *U. S. v. O'Neill ,* 619 F.2d at 225; *Crawford,* 469 F.Supp. at 263. As set forth below, however, I reject Allegheny County's claim of executive privilege for other reasons.

Mr. Palmer asserts, quite generically, that there are six groups of documents that are privileged. Allegheny County was ordered to provide all documents claimed to be privileged to the Court for an *in camera* inspection. (Docket No. 23). Allegheny County, however, provides only two documents: 1) a document pertaining to the canvassing and investigation of a witness in and around a nearby hotel of the Waterfront area, and 2) a document pertaining to the interview of a

2

co-worker at Damon's Restaurant. As per a telephone conference between my deputy clerk and Robert G. Borgoyn, counsel for Allegheny County, there are no other documents at issue. Thus, I can only assume and conclude that the other four groups of generically listed documents do not exist.

Therefore, there are only two documents allegedly at issue and that were produced *in camera* for review. In response to Allegheny County's Brief, "Plaintiffs have limited their request to statements and notes of interviews with <u>Damon's employees</u> only." (Docket No. 27, p. 2, emphasis in original). Only one of the two documents produced relates to an interview with a Damon's employee. Consequently, I will not consider whether Allegheny County should produce the document that does not concern a Damon's employee.

In *Frankenhauser v. Rizzo,* 59 F.R.D. 339 (E.D. Pa. 1973), *overruled on other grounds*, *Startzell v. City of Philadelphia*, No. 05-5287, 2006 WL 2945226, 4 (E.D. Pa. Oct 13, 2006), the court set forth the balancing test to be used in applying the executive privilege. The factors to be balanced are as follows:

(1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;

(2) The impact upon persons who have given information of having their identities disclosed;

(3) The degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure;

(4) Whether the information sought is factual data or evaluative summary;

(5) Whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;

(6) Whether the police investigation has been completed;

(7) Whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation;

(8) Whether the plaintiff's suit is non-frivolous and brought in good faith;

3

(9) Whether the information sought is available through other discovery or from other sources; and

(10) The importance of the information sought to the plaintiff's case.

*Frankenhauser*, 59 F.R.D. at 344.

Allegheny County asserts that the release of this witness's name would potentially impact the safety and security of the individual and expose that individual to retaliation. I am not persuaded by this argument. The revelation of the identity of this lone witness will not impact the safety and security of the individual as the name is most likely already known.

Furthermore, it is unlikely that it would expose the witness to any additional retaliation. I agree with Plaintiffs that it is pure speculation to suggest that by revealing the name to counsel, the name of this person would become more readily available to the unknown assailant or an accomplice. Moreover, there are parameters that can be put in place to limit the exposure of this information (*e.g.* sealing deposition and the discovered material and not filing any such material).

While it is true that the criminal investigation is on-going, I am not persuaded that the release of this information to Plaintiffs' counsel would thwart the investigation. Other than making the conclusory statement that the release of the information would thwart the investigation, Allegheny County has not made any specific arguments to support this bald assertion. In addition, since the information is being released to counsel only, there is no reason to assume that compliance with the subpoena will compromise the integrity of the County's investigation.

Finally, after performing my own balancing test based on the factors set forth above, I find the *Frankenhauser* factors weigh in favor of disclosing the statements and notes of interviews with Damon's employees.

THEREFORE, Plaintiff's Motion to Enforce Non-Party Subpoena Directed to Allegheny County Police, Homicide Division (Docket No. 15) is granted. Allegheny County is ordered to produce the document at issue to Plaintiffs' counsel within 5 days from the date of this order.

Plaintiffs' counsel is to seal any deposition or discovered material resulting therefrom. Furthermore, if the information discovered is to be used at trial, it can be dealt with via a motion *in limine*.

                         BY THE COURT:

                         /s/ Donetta W. Ambrose
                         Donetta W. Ambrose
                         Chief U.S. District Judge

Dated: June 8, 2009