IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lee, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 9-210 |
| ) | |
| Developers Diversified Realty Corporation, *et al.*, ) | |
| ) | |
| Defendants. ) | |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

Plaintiffs initiated this action in the Court of Common Pleas of Allegheny County, Pennsylvania on January 21, 2009. (Docket No. 1). Defendant, Damon's Restaurants of America, Inc., removed the case to this court on the basis of diversity of citizenship, pursuant to 28 U.S.C. §1332. Discovery has begun but is not set to end until August 31, 2009. (Docket No. 10).

On May 28, 2009, Plaintiffs, Brian Lee, Sr. and Belinda Lee, Co-Administrators of the Estate of Brian Lee, Jr., Deceased, filed a Motion for Leave to Join Additional Defendants, Adding Parties and for Remand. (Docket No. 25). Specifically, Plaintiffs seek to add multiple additional defendants, including at least two Pennsylvania corporations: Damon's Management Group, LLC and The Waterfront Owners Association. (Docket No. 26, p. 2). Plaintiffs assert that these "entities were directly involved in management and security for the restaurant where the shooting occurred." Based on the addition of the same, Plaintiffs argue that diversity jurisdiction will be destroyed and request that I remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania. *Id.* at 3-4. Defendant, Damon's Restaurants of America, Inc., "does not oppose the amendment of Plaintiffs' Complaint,..., or remand of this matter to the Court of Common Pleas of Allegheny County, Pennsylvania." (Docket No. 29, p. 3).

Defendant, Developers Diversified Realty Corporation ("DDR"), however, objects to the

joinder of additional parties or remand of the case because the two parties sought to be joined are not necessary under Rule 19 of the Federal Rules of Civil Procedure. (Docket No. 30). Rule 19 governs required joinder of parties. *See,* F.R.C.P. 19. Plaintiffs do not assert that they are bringing their motion pursuant to Rule 19. Rather, it appears to me that Plaintiffs are bringing their motion pursuant to Rule 20. Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties and provides that parties may be joined as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and "any question of law or fact common to all defendants will arise in the action." F.R.C.P. 20(a)(2). Since the right to relief against the parties to be joined arises out of the same transaction or occurrence, Plaintiffs satisfy Rule 20. The inquiry, however does not end here.

Where a proposed amended complaint seeks to join a non-diverse defendant, 28 U.S.C. §1447(e) applies. Section 1447(e) provides as follows: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447(e). In applying §1447(e), courts apply a "flexible and equitable approach" and consider the following factors: 1) whether the purpose of the amendment is to defeat diversity; 2) whether plaintiff was dilatory in seeking an amendment; 3) whether plaintiff will be prejudiced if the amendment is not granted; and 4) any other equitable factors. *Castle Cheese, Inc. v. Blue Valley Foods, Inc.,* Civil Action No. 08-1158, 2008 WL 4890851, *2 (W.D. Pa. Nov. 18, 2008).

In this case, there is no evidence that the purpose of the amendment is to defeat diversity. Defendant, DDR, does not even make such an allegation. (Docket No. 30). I note that it was not until after Plaintiffs conducted some discovery that they uncovered the identities of the parties sought to be joined. Accordingly, there is no reason to suspect the amendment is sought for the purpose of defeating diversity.

2

Furthermore, there is also no evidence that Plaintiffs were dilatory in seeking the amendment. In fact, discovery is ongoing and is not scheduled to close for another two and half months on August 31, 2009. (Docket No. 10). Thus, if joinder is permitted, litigation would not be prolonged by much.

Plaintiffs do not argue that it will be prejudiced if joinder is not permitted. (Docket No. 25). Plaintiffs would be forced, however, to litigate two cases arising out of the same facts in two different forums. Thus, there is a potential for inconsistent rulings between the state court action and the action in this court. In addition, I note that DDR does not argue that it will be prejudiced by the amendment. (Docket No. 30).

Other equitable factors include judicial efficiency, judicial economy, and comity. *Castle Cheese,* at *5. Given that both cases arise out of the same facts, there is no doubt that it would be a waste of judicial resources to permit two different lawsuits to proceed.

Thus, all of the factors lean in favor of granting leave to amend. Since leave to amend to add additional non-diverse defendants is warranted, diversity jurisdiction is destroyed. Consequently, remand is also warranted.

THEREFORE, this 15th day of June, 2009, it is ordered that the Motion for Leave to Join Additional Defendants and for Remand (Docket No. 25) is granted. This action shall be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania. The case shall be marked "CLOSED."

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge